## John Long and Another *v.* David Mast.

1. Possession, to toll the right of entry, must be notorious, hostile, adverse, and exclusive as against the owner. The occupant must claim against every, and in subserviency to no, person: he must claim and act as if the land belonged to him.

2. Where there has been privity of title and possession ouster must be by an unequivocal act, such as shows that the occupant claims in his own right and does not acknowledge that of the other.

3. The occupant cannot claim protection under the statute of limitations in opposition to the expressed intent with which he held possession.

Error to the Common Pleas of Berks.

*June* 21. Ejectment by David Mast, plaintiff, against James Goheen and John Long, defendants. Christian Long, who was seised in fee of a certain tract of land in Berks, made a will, which was admitted to probate in January, 1799, in which, among other things, he directed as follows:—

"I give and bequeath also to this my grandchild, Anna, the land which I have measured and given to my son John, but for which I have not given him a deed, *but the widow of my son shall have a right to live on this land till this my grandchild is come to age ; if this my grandchild should die under age and without heirs, then the land shall fall back to my daughter Barbara, and so soon as the widow of my son John should marry again, she loseth her widow seat on the land.* Further, shall my daughter Barbara pay to the six children of my deceased daughter Anna, who was married to Jacob Zook, to every one the sum of five pounds, to the oldest, two years after my death, and so every year to the others, till they are all paid, and this should be in full from all my estate, as I have given to their mother already a complete marriage good. It is my will that if my daughter Barbara should die without heirs, then shall the land which I have given to her within this, fall to my grandchild Anna Long and their heirs. Should she die without heirs, then it shall fall to the oldest of my grandchildren of my before mentioned daughter Anna, their sons, and if they all should die without heirs, it shall fall to the oldest daughter of my daughter Anna, her children, and so forth, till to the youngest, but if all my family should die without heirs, then I give and bequeath all my land to the oldest son and heirs of my brother John Long, in Holland."

It appeared by the plaintiff's evidence, that the son John Long, mentioned in the foregoing extract, and who is not of the same blood with John Long, the defendant below, lived upon the land in

question during his father's life, that he died before his father, and that his widow, Christina, lived on it after her husband's death. Anna was the daughter and only child of John; she also lived on this land; was married and died three months afterwards, childless, in July 1820, being at her death more than twenty-one years of age. When Anna was married, she left the land and did not return to it. The testator's daughter, Barbara, lived on land adjoining; she never married, and died in August 1825; Jacob Zook, the nephew, lived with her. This Jacob is a son of Anna Zook · deceased, a daughter of the testator, one of her six children; and from him the plaintiff, David Mast, derived his title by a deed, dated 29th March, 1844. The widow of the testator's son John died in July 1839. The defendants were in possession at the bringing of the suit.

The defendants' evidence showed that the defendant, John Long, and his mother, who was the widow of Christian Long's son John, occupied this land after the death of her daughter, Anna Long; that they were the only ones who did occupy it; that they resided in the house; and that the defendant John farmed the land. They paid taxes for it. The widow lived on the land from 1802 until her death, in July 1839, since which time the defendant, John Long, kept up the possession by his tenants. The defendant also gave in evidence the will of the widow, proved some four years after her death, by which she devised all her property to her son, the defendant.

The plaintiff then called a witness, who testified, that the widow of John Long never said she claimed this land; she said she had her living there as long as she lived; that it would fall to her daughter Anna after her death, and to the Zooks if her daughter Anna did not live. And followed this by evidence of the sale by the sheriff, of her supposed life-estate in this land, and the buying of it in by the defendant.

The court below (GORDON, President) charged the jury as follows :— .

" The question is on the title of John Long, under the statute of limitations, by virtue of the possession of Christina Long, under whom he claims and his own. Christina Long held and possessed in her own right, under the will of Christian Long, until her daughter Anna attained the age of twenty-one years. After that she held adversely to Anna, if her possession can, under the circumstances, be regarded as adverse; for it is proved by Jacob Ochs, that she always claimed a life-estate in this land, in the lifetime of

Anna. After the death of Anna, the possession of Christina Long remained as before, the persons entitled by law to the possession being Barbara Long and the children of Anna Zook, until Barbara's death, when the right of possession descended with the property to the children of Anna Zook. Anna, the daughter of John Long, who was living at the date of Christian Long's will, in 1796, must have been at age at least as early as 1817; and Christina Long having lived on the land until 1839, when she died in possession, her title was complete under the statute of limitations, if her possession were such as to give title under that statute, and it would be competent for John Long to defend his possession against the plaintiff, under the title of Christina thus acquired. Was the possession of Christina Long of the character which the law recognises as capable of conferring title under the statute? Was it adverse possession? We think her possession was in subordination to the title of her daughter Anna Long, until Anna attained the age of twenty-one years, and that being thus in privity with the title of the rightful owner, it is necessary for her and those claiming under her, to show that the character of her possession was changed subsequently to that period, and became hostile to the owner, by some unequivocal act or acts, different from the mere occupation and cultivation of the land, as she had theretofore occupied and cultivated it, or by an open and explicit disavowal and disclaimer of holding under that title, and an assertion of title in herself, communicated to those having title and the right of possession. Whether any such acts or such disavowal and disclaimer have been established by the evidence laid before the court and jury, is for your decision, with the other questions of fact which have arisen in the cause. It is in evidence that Christina Long declared that, as long as she lived, she had a right to it; but it does not appear that this declaration was ever communicated to any person whose rights or interests could be affected by it. In the opinion of the court, such a declaration on the part of Christina Long, even if communicated to those interested in disputing it, does not amount to an assertion of any title, that can be acquired under the statute of limitations, and that it is of itself such a qualification of her possession as would prevent her from acquiring title under it. It is easy to imagine many reasons which might induce a party having title, and the right of possession, to abstain from the immediate prosecution of it, against a person claiming to hold for life merely, which would have no weight in a case where the tenant made no such qualification of his claim or possessions. To this opinion of

the court, the defendants, by their counsel, except, and request that the same may be filed of record."

Verdict and judgment thereupon for the plaintiff, for one undivided sixth part of the land in the writ mentioned.

In this court the following errors were assigned:—

1. The court erred in charging the jury that, after the death of Anna, the possession of Christina Long remained as before.

2. In charging the jury that, we think her possession was in subordination to the title of her daughter Anna Long, until Anna attained the age of twenty-one years, and that being thus in privity with the title of the rightful owner, it is necessary for her and those claiming under her, to show that the character of her possession was changed subsequently to that period, and became hostile to the owner by some unequivocal act or acts, different from the mere occupation and cultivation of the land, as she had theretofore occupied and cultivated it, or by an open and explicit disavowal and disclaimer of holding under that title, and an assertion of title in herself, communicated to those having title and the right of possession.

3. In charging the jury that Christina Long declared, that as long as she lived she had a right to it, but it does not appear that this declaration was ever communicated to any person whose rights or interests could be affected by it. In the opinion of the court, such a declaration on the part of Christina Long, even if communicated to those interested in disputing it, does not amount to an assertion of any title that can be acquired by the statute of limitations, and that it is of itself such a qualification of her possession as would prevent her from acquiring title under it.

4. In charging the jury that, it is easy to imagine many reasons which might induce a party having title and the right of possession, to abstain from the immediate prosecution of it, against a person claiming to hold for life merely, which would have no weight in a case where the tenant made no such qualification of his claim or prosecution.

5. The court erred in withdrawing the consideration of the facts from the jury, and in not giving them proper instructions as to what adverse possession is.

*Barclay* and *Banks*, for the plaintiff in error.—1. The court may express an opinion on the facts of the case; but nothing should appear from which the jury may reasonably infer that they

are precluded from considering the facts: Sampson v. Sampson, 4 S. & R. 329; Baker v. Lewis, 4 Rawle, 356.

2. Whenever the person in possession holds for himself, to the exclusion of all others, the possession thus held is adverse to all others, no matter in what relation in point of interest or privity he may stand as to others: 5 Peters, 440. Where acts of ownership have been done on land, which, from their nature, indicate a notorious claim of property in it, and are continued for twenty-one years, with the knowledge of an adverse claim and without interruption, or an adverse entry for twenty-one years, such acts are evidence of an ouster and an actual adverse possession: 11 Peters, 52. At the time Anna died, the plaintiff had a perfect right of entry; and, having taken no steps to enforce his right for twenty-one years, his right is barred: Scott v. Gallagher, 14 S. & R. 336. If one tenant in common of land enters on the whole, and takes the profits of the whole for twenty-one years, claiming the whole exclusively, an ouster ought to be presumed: Frederick v. Gray, 10 S. & R. 188; Bolton v. Hamilton, 2 W. & S. 299, 307. An undisturbed and quiet possession for a certain length of time is sufficient ground for the jury to presume an ouster: Law v. Patterson, 1 W. & S. 191–3. A person in possession claiming the land as his own for twenty-one years, is completely protected by the statute: Leeds v. Bender, 6 W. & S. 318. It is not necessary that there should be a declaration, that possession was held adversely. Facts may establish this as conclusively as a formal declaration: Dikeman v. Parrish, 6 Barr, 225. The character of adverse possession is given, not by proving notice to those interested, but by the nature of the acts done by the party: 6 Barr, 227; 6 W. & S. 318; 1 W. & S. 191. Leasing, conveying, or devising lands, improving them, receiving the rents, issues, and profits thereof, are the highest acts of ownership which can be exercised over them, and the exercise of these acts strongly characterizes the possession with exclusiveness and hostility: Dikeman v. Parrish, 6 Barr, 211. The possession of land qualified for a time by the official character of the possessor for a period of twenty-one years, is a bar to a recovery by one who has otherwise the legal title. And it is not essential to the character of adverse possession, that it be by claim of right in the occupant: Parker v. Southwick, 6 W. 377. The occupancy of land by one with the knowledge of the owner and his permitting him to pay the taxes for twenty-one years, is equivalent to a confession of ouster by such owner: Sorber v. Willing, 10 W. 142. When the purchaser from one of several trustees for

life took possession, the statute runs from that time against the whole estate, and twenty-one years of adverse possession bars as well the trustee as the *cestui que trust* tenant for life, and those in remainder : Smilie *v.* Biffle, 2 Barr, 52.

3. An acknowledgment, such as will avoid the statute of limitations, must be made to the owner or his agent known as such, must admit that the title of the claimant is good, and must be accompanied by a distinct agreement to leave the land or continue on it as tenant; Bank *v.* Wilson, 10 W. 261; Criswell *v.* Altemus, 7 W. 582 ; Bell v. Hartley, 4 W. & S. 34; Patterson *v.* Reigle, 4 Barr, 204–5; 6 W. & S. 318; 4 S. & R. 329; 4 Rawle, 356, cited before.

*Richards* and *Strong*, contrâ.—The defendants below in this case claim under the statute of limitations. They pretend to no other title. It is contended on the part of the plaintiff that the statute does not run.

1. Because there was privity of title between the owners of the fee and Christina Long, on whose possession the defendant relies. Christina entered under the will of Christian Long, who gave her possession of the land until her daughter Anna became of age. The will was proved January 25, 1799. After Anna became of age Christina held as tenant by sufferance ; she came into possession by lawful title, and kept it afterwards without any title at all, except the permission of the owners. Anna left the property in 1820, and died a few months afterwards, on the 19th July, 1820. The fee then went to the heirs of Christian Long, viz. Barbara and the Zooks. Christina remained in possession still as tenant by sufferance, until her death, July 31, 1839.

Christina came in by lawful title. The commencement of her possession was not hostile. Nor could it become adverse, unless by some unequivocal act she made known a determination to hold from that time against the right owners: Moore *v.* Johnson, 2 Speer, 288 ; 1 M'Lean, 266 ; 2 Met. 91; Doe d. Roffey *v.* Harborough, 1 Nev. & Manning, 422; 4 Howard, 289 ; Simsall *v.* Graham, 1 Dana, 574 ; Gwinn *v.* Jones, 2 Gill & Johns. 273 ; Cooke *v.* Nicholas, 2 W. & S. 27; 1 John. 157 ; 12 Ib. 268–9 ; Ib. 663 ; Mercer *v.* Watson, 1 Watts, 341.

2. The acts and declarations of Christina Long show that she never claimed adversely, or by right hostile to that of the real owners, but the contrary ; and any claim now set up founded upon such possession would be a fraud upon the right owners.

The only estate which can be gained by adverse possession is a fee. Possession, to make any title, must be consistent with the claim of a fee. But the possession of Christina Long was not of this character. She claimed a life-estate. Her possession was under a mistaken idea that such was the nature of her interest in the land. This is evident from the fact that no objection was made to the sale of her imaginary life-estate by the sheriff, and that it was bought in by her son, who now claims by the possession which she thus retained. Her own declarations, however, are conclusive: Doe *v.* Petit, 5 B. & A.; 1 Nev. & Manning, 422; 4 Barr, 204; 7 Watts, 582; 5 Watts, 350; Haak *v.* Senseman, 6 S. & R. 23.

.. The opinion of this court was delivered by

COULTER, J.—The possession of the defendants amounts to nothing unless connected with the possession of Christina Long. But Christina occupied the land, not in hostility to the estate of Anna, her daughter, nor adversely to it. So also in regard to the title of the Zooks, after the death of Anna. She expressly and distinctly acknowledged both titles; and claimed herself to hold a life-estate under the will of the father of John Long, her husband, under which will both Anna, and, in case of her death, the Zooks, were entitled in remainder.

It was, then, a mere mistake as to the duration of her interest, in which we may suppose they all participated, inasmuch as she was not disturbed during her life.

And there was some ground for this mistake among ignorant people, as the will is obscure in its phraseology, and speaks of Christina losing her "widow's seal" if she married again.

The possession which tolls the right of entry, must not only be notorious, but adverse, hostile, and exclusive, as against the owner. The occupant must claim against all persons, and in subserviency to none. In other words, must claim and act as if the land belonged to him.

Christina never so acted, never so claimed; but acknowledged the right of the remainder-man now claiming in this action.

Her declarations were the best evidence of the *quo animo* or intent with which she continued in possession, after Anna arrived at twenty-one years of age, and clearly indicate, in connexion with the acquiescence of the remainder-men, the mistake under which all acted.

There must be an ouster by unequivocal act where there has been privity of title and possession: such an act as shows that the occu-

pant claims in his own right, and does not acknowledge the right of the other.

Two cases were ruled at Pittsburgh at the last term, in which it was held that the declarations of the occupant were good evidence of the intent with which he held the possession, and were sufficient to prevent him from claiming protection under the statute, in opposition to that expressed intent.

The same point had been ruled prior to that time, and is in conformity with reason and the statute.

Judgment affirmed.