# Hillside Coal & Iron Company *v.* Zeigler, Appellant.

*Ejectment—Adverse possession—Evidence.*

In an action of ejectment where the defense set up is adverse possession, the court commits no error in giving binding instructions for the plaintiff, where the evidence justifies the conclusion that the possession of the defendant was not originally adverse, nor exclusive, and that it was not continuous for the period of twenty-one years.

Argued April 17, 1907.   Appeal, No. 157, Jan. T., 1906, by defendant, from judgment of C. P. Luzerne Co., Feb. T., 1894, No. 50, on verdict for plaintiff in case of Hillside Coal & Iron Company v. Henry Zeigler.   Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ.   Affirmed.

Ejectment for land in Pittston township.
The opinion of the Supreme Court states the case.
Verdict and judgment for plaintiff.   Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*John T. Lenahan,* with him *James H. Shea, John F. Shea* and *Edward A. Lynch,* for appellant.

*J. B. Woodward,* of *Wheaton, Darling & Woodward,* with him *Willard, Warren & Knapp* and *James L. Lenahan,* for appellee.

PER CURIAM, May 20, 1907 :

The learned judge below in directing a verdict said " the undisputed documentary evidence in the case, the records, deeds or contracts showing admissions by Henry Zeigler of the title of the Hillside Coal and Iron Company to the land in dispute (or of the Hillside Coal and Iron Company's predecessors), has been so clear as to, in our opinion, justify the court in regarding it as conclusive of these points, namely, that the possession of Henry Zeigler was not originally adverse to Charles Schlager, that it was not exclusive of Charles Schlager and those claiming under him, and that it was not continuous for the period of twenty-one years, or any period of twenty-one years previous to the beginning of this proceeding, and hence title by adverse possession has not been shown. We, therefore, in pursuance of the duty which the law places upon the court, direct you to render a verdict in favor of the plaintiff for the land in controversy under the issue."

The evidence fully justifies this summary of it and the binding direction to the jury.

Judgment affirmed.