

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN

~~XXXXXXXXXXXXXXXXXX~~XXXXXXXXX

ATTORNEY GENERAL

Hon. O. P. Lockhart
Chairman, Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-3695
Re: Article 5068c, V.A.C.S., pro-
viding that the court shall
appoint the statutory liquidator
named by the Board of Insurance
Commissioners as receiver of
insolvent insurance corporations
is not mandatory but merely di-
rectory. The statute is not
retroactive.

Your request for opinion has been received and carefully considered
by this department. We quote from your request as follows:

"Upon assuming my duties as Life Insurance Commissioner, I
find that there are certain insurance companies in receiver-
ship that have not been placed in the hands of the liquidator
provided for in Article 5068c, Revised Civil Statutes of
Texas. The companies referred to were in receivership at
the time of the enactment of Article 5068c and were permitted
to continue in the hands of receivers theretofore appointed.

"Please advise me if Article 5068c, Revised Civil Statutes of
Texas does not require that all companies in receivership be
placed in the hands of the liquidator designated by the Board
of Insurance Commissioners, whether the companies were in
receivership prior to the enactment of said Article or not."

Article 5068c, Vernon's Annotated Texas Civil Statutes, provides
for the liquidation, rehabilitation, reorganization and conserva-
tion of insurance companies. The act provides for the appoint-
ment of a liquidator by the Board of Insurance Commissioners.
Section 2 of the statute declares:

"Whenever under the law of this State a court of competent
jurisdiction finds that a receiver should take charge of the
assets of an insurer domiciled in this State, the liquidator
designated by the Board of Insurance Commissioners as here-
inafter provided for shall be such receiver. The liquidator

so appointed receiver shall forthwith take possession of the assets of such insurer and deal with the same in his own name as receiver or in the name of the insurer as the court may direct...."

Section 3 or the statute declares:

"Whenever under the laws of this State, a receiver is to be appointed in delinquency proceedings for an insurer domiciliary in another State, a court of competent jurisdiction in this State shall, on the petition of the Board of Insurance Commissioners of this State, appoint the liquidator herein provided as ancillary receiver in this State of such insurer.."

Article II, Section 1 of our State Constitution provides:

"The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confined to a separate body of magistracy, to-wit;  Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted."

We quote from 9 Texas Jurisprudence, pp. 457 and 458, as follows:

"The powers which properly belong to one of the departments of government are not to be exerted or usurped by another department.  The Constitution (Art. 2, S 1) expressly declares: '....and no person or collection of persons, being one of these departments shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.'  This is a direct prohibition of the blending of the departments...."

Article V, Section 1, of our State Constitution reads in part as follows:

"The judicial power of this State shall be vested in one Supreme Court, in Courts of Civil Appeals, in District Courts, in County Courts, in Commissioners' Courts, in Courts of Justices of the Peace, and in such other Courts as may be provided by law...."

We quote from 9 Texas Jurisprudence, pp. 454 and 455, as follows:

"The constitution declares that the judicial power of the state shall be vested in the courts named in Section 1, Article 5, and in such other courts as may be provided by

law. It was the object of the framers of the constitution
to mark out a complete judicial system, defining generally
the province of each of the courts, by reference to the
objects confided to the action of each, and the relation of
each to the others. Such a system cannot be changed by
action of the legislative department, except when the power
to make a change is conferred by the constitution itself.
The legislature may not confer judicial power upon any other
agency of government than courts".....

We quote from 11 American Jurisprudence, pp. 904-5 and 6, as
follows:

"As a rule no effort is made in a Constitution accurately to
define the scope or nature of judicial powers. These matters
are left to be determined in the light of the common law
and the history of our institutions as they existed anterior
to, and at the adoption of, the Constitution..."The judicial
powers include the important function of preventing departmen-
tal encroachment, such as marking out the boundaries of each
department and remedying the invasions by either of the
territory of the other. The judicial power and function ex-
tend to the question as to the true limits of maritime law
and admiralty jurisdiction,...to the authority to select
persons whose services may be required in judicial proceedings
or who may be required to act as assistants to the judges in
the performance of their judicial functions....."
(Underscoring ours)

Is the appointment and selection of a person to act as receiver a
judicial act? The courts have held in the affirmative upon this
question. We quote from the opinion of the Supreme Court of In-
diana in the case of State of Indiana ex rel Hovey v. Noble, 4 L.
R. A., pp. 101-111, as follows:

"'The powers of government,' ordains our constitution, 'are
divided into three separate departments, the legislative,
the executive, including the administrative, and the judicial;
and no person charged with official duties under one of these
departments shall exercise any of the functions of another,
except as in this Constitution expressly provided.'

"The words employed are clear and strong. There is more than
a mere theoretical separation, or else words are powerless
and Constitutions mere empty fulminations. The provisions
of the Constitution we have quoted, taken in connection with
those which prescribe, define and limit the powers of the
other departments of government, remove all doubt and make
it uncontrovertibly plain that the courts possess the entire
body of the intrinsic judicial power of the state, and that
the other departments are prohibited from assuming to exer-
cise any part of that judicial power....

"One of the greatest of American Judges, Gibson, Ch. J., said: 'But the judicial power of the Commonwealth is its whole judicial power, and it is so distributed that the Legislature cannot exercise any part of it.' Greenough v. Greenough, 11 Pa. 489....

"'If there is any one proposition immutably established,' said Sawyer, J., 'I had supposed it to be that the judiciary department is absolutely independent of the other departments of government.'

"A department without the power to select those to whom it must intrust part of its essential duties cannot be independent. If it must accept as 'ministers and assistants,' as Lord Baron calls them, persons selected for them by another department, then it is dependent on the department which makes the selection. To be independent the power of the judiciary must be exclusive, and exclusive it cannot be if the Legislature may deprive it of the right to choose those with whom it shall share its labors or its confidences....

".....we affirm that where assistants are necessary to enable judges to discharge their duties as judges the court must choose those assistants. Since the time of Queen Elizabeth have appointed masters in chancery and master commissioners now are, and have always been, appointed by the courts.

"We suppose no one will deny that the courts from the earliest ages of the law have possessed the power to appoint referees, receivers, commissioners and all other like ministers and assistants, and that they possessed this power because it was a judicial power. If it was not a judicial power it could not have resided in the courts, for courts have no other power. (Underscoring ours)

"It is a mistake to assume that a court possesses merely the power to hear and decide causes. The power is much more extensive.

"Bouvier thus defines judicial power: 'Belonging to or emanating from a judge as such. The authority vested in a judge'..

"It is, however, unnecessary to multiply authorities; for it cannot be doubted that judicial power includes the authority to select persons whose services may be required in judicial proceedings, or who may be required to act as the assistants or the judges in the performance of their judicial functions, whether they be referees, receivers, attorneys, masters or commissioners." (Underscoring ours)

In the case of State of Texas vs. Teachers Annuity Life Insurance Company, 149 S.W. (2nd) 318, (Writ of Error Refused), the State through its Attorney General instituted suit against an insurance corporation, alleging in its petition among other things that the company was hopelessly insolvent and its capital stock was impaired 100%. The Attorney General requested the Board of Insurance Commissioners to join in the suit but the Board refused. The insurance company moved for a dismissal of the cause in the trial court on the ground that the Attorney General had no authority to file the suit without the permission of the Board. The trial court sustained the company's motion and dismissed the cause. The Beaumont Court of Civil Appeals reversed the trial court and held that under the Constitution the Attorney General had the authority to institute and prosecute such suit, without the consent of the Board of Insurance Commissioners. Writ of Error was refused by the Supreme Court. Now in a case like the Teachers Annuity case, supra, would it be mandatory upon the trial court to appoint as receiver of said company the statutory liquidator of the Board of Insurance Commissioners, when the Board did not desire the appointment of a receiver and the liquidation of said company? Surely not. Would it be mandatory upon the court was not satisfied with the moral character or ability of the liquidator? We think not. Would the court be powerless to remove the liquidator as receiver if the court thought such removal was to the best interest of the receivership? We think not. The selection and appointment of a person to act as receiver by the court is a judicial act involving discretion on the part of the trial judge. The court would likely consider the moral character and ability of the prospective receivers and appoint the person whom he thought in his sound disrection would make the best receiver for all concerned. If the statute were a mandatory statute it would be unconsitutional in our opinion as an unlawful invasion upon the incependence of the judiciary.

However it is a cardinal rule of construction that where a statute could be construed in two manners, one of which would make it merely directory and constitutional, the other which would make it mandatory and unconstitutional, the rule of construction making the statute directory and constitutional should be adopted.

It is not within the power of the legislature to change the nature of a judicial function (the selection of a receiver) by merely creating another agency (the Board of Insurance Commissioners) to participate in its performance. See 95 A.L.R., p. 1417.

It is a well settled rule of statutory construction that laws are not to be construed retrospectively, or to have a retrospective effect, unless it shall clearly appear that it was so intended by the enacting body, and unless such construction is absolutely necessary to give meaning to the language used. The general rule is that statutes will be construed to operate prospectively only,

unless an intent to the contrary clearly appears.  (See Lewis-Sutherland on Statutory Construction, Vol. II, pp. 1157 and 1158.)

We find no expression or clear intent in the statute that the Legislature desired that it should have any retrospective effect and we hold that the statute has no effect on receiverships which were pending prior to the enactment of the act.

We also hold that Article 5068c, V.A.C.S. is not a mandatory statute but is merely a directory statute.  Doubtless the courts will, in many instances, give this directory statute some consideration, but they are not compelled to appoint the statutory liquidator as receiver of insolvent insurance companies.

Your question is therefore answered in the negative.

                              Very truly yours

APPROVED JUL 7, 1941
  GROVER SELLERS          ATTORNEY GENERAL OF TEXAS
FIRST ASSISTANT
ATTORNEY GENERAL

                          By     Wm. J. Fanning
                                 Assistant

WF:ff;ml